UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:  NAMECHEAP, INC.
_____

SAFFRON MORRIS-DEDIER,

    Petitioner,

                                Case No.:  8:22-mc-39-TPB-MRM

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Saffron Morris-Dedier's Renewed Motion for Clerk's Issuance of Subpoena to Namecheap, Inc. Pursuant to 17 U.S.C. § 512(h) ("Renewed Motion").  (Doc. 3).  For the reasons below, the Undersigned recommends[1] that the Renewed Motion be **GRANTED**.

**I.**    **Background**

Petitioner initiated this miscellaneous action on October 18, 2022, requesting the Clerk of Court issue a subpoena for documents and information under 17 U.S.C. § 512(h) to help identify the owner and operator of a website allegedly infringing on some of her copyrights.  (Doc. 1 at 1).  The Undersigned denied Petitioner's original motion without prejudice for several reasons, including the absence of a legal

---

[1] Because resolving the Renewed Motion *sub judice* will dispose of this miscellaneous case file and require a case closure, the Undersigned submits this matter to the presiding United States District Judge on a Report and Recommendation in lieu of entering an order.

memorandum.  (Doc. 2).  Petitioner then filed the Renewed Motion to address the concerns raised in the Undersigned's Order.  (Doc. 3).

## II.   Legal Standards

Under 17 U.S.C. § 512(h)(1), "[a] copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer."  The copyright owner should file "with the clerk—(A) a copy a notification described in subsection (c)(3)(A); (B) a proposed subpoena; and (C) a sworn declaration" stating that "the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title."  *Id.* at § 512(h)(2).  The statute provides that "[i]f the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider."  *Id*. at § 512(h)(4).

## III.   Discussion

The Undersigned finds that Petitioner filed the appropriate documents with the Court.  First, Petitioner's notification substantially complies with 17 U.S.C. § 512(c)(3)(A):  it is a written communication that (i) contains an electronic signature of Petitioner's authorized agent, (ii) identifies the copyrighted work, (iii) identifies the "material that is claimed to be infringing," (iv) provides a telephone number and email address to contact Petitioner's agent, (v) states that there is a good faith belief

in the unauthorized use of the copyrighted material, and (vi) asserts that "the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed." (Doc. 3-1).[2]

Second, Petitioner provided a proposed subpoena using this Court's approved form. (Doc. 3-2). The Undersigned notes that the current proposed date and time of production in the subpoena is November 28, 2022. (*Id.* at 2). Based on the date of issuance of this Report and Recommendation, Petitioner may wish to amend the date of production. The Undersigned takes that possibility into account in this Report and Recommendation.

Third, Petitioner attached a sworn declaration from her counsel that the "sole purpose for which the requested subpoena is sought is to obtain the identities of the alleged persons or entities violating [Petitioner's] copyrights, and such information will only be used for the purpose of protecting [Petitioner's] copyright rights." (Doc. 3-3 at 3-4).[3] When all these requirements are satisfied, the Clerk of Court "shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider." 17 U.S.C. § 512(h)(4); *see also Doe v. Does*, No.

---

[2] The copyrighted works at issue deal with pornographic videos. The notification complies with the statutory requirements without replicating the titles of those videos in this Report and Recommendation.

[3] Pinpoint page citations for documents refer to CM/ECF pagination.

4:15MC05-RH/CAS, 2015 WL 7068175, at *2 (N.D. Fla. Nov. 6, 2015), *report and recommendation adopted*, 2015 WL 7015322 (N.D. Fla. Nov. 11, 2015).

Based on the statutory language, the Undersigned notes that there is no explicit requirement for court approval before the Clerk of Court issues the subpoena. The statute simply directs copyright owners to file documents with the Clerk, after which the Clerk "shall expeditiously issue and sign the proposed subpoena." 17 U.S.C. § 512(4)(4). It is not apparent, therefore, that the Clerk must first wait for authorization from a judge. *Doe*, 2015 WL 7068175, at * 2 ("Because all requirements were included in the Notice of Commencement, the Clerk of Court could, perhaps should, have issued and signed the proposed subpoenas as provided for in § 512(h)(4)."). But neither is the filing of a motion for issuance of a subpoena prohibited. *Id.* (implying that a motion for issuance of a subpoena could be filed if the clerk did not expeditiously sign the proposed subpoena). Because no subpoena has been issued yet, the Undersigned finds it appropriate to adjudicate Petitioner's Renewed Motion.

In sum, Petitioner submitted a notification, proposed subpoena, and declaration that comply with the statutory requirements of 17 U.S.C § 512(h). As a result, the statute mandates that the Clerk of Court expeditiously sign and issue the proposed subpoena.

## CONCLUSION

For these reasons, the Undersigned **RESPECTFULLY RECOMMENDS** the following:

1. Petitioner's Renewed Motion for Clerk's Issuance of Subpoena to Namecheap, Inc. Pursuant to 17 U.S.C. § 512(h) (Doc. 3) be **GRANTED**;

2. Petitioner be allowed to submit to the Clerk of Court an updated subpoena to reflect a production date consistent with the time of this Court's final order; and

3. On submission of the updated subpoena, direct the Clerk of Court to expeditiously sign and issue the updated subpoena and close this miscellaneous case.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on November 14, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts

from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties